JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Alejandro Garza (BOP#32595-279)

**(b)** County of Residence of First Listed Plaintiff HIDALGO COUNTY TEXAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
FRANKLIN O GELE, OGELE LAW FIRM fax: 862-
ONE GATEWAY CENTER, Suite 2600    772-3985
NEWARK, NJ 07102  phone: 973-277-4239

## DEFENDANTS

LA TUNA, NEW MEXICO

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
NOT KNOWN AT THIS TIME

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment    & Enforcement of Judgment | ☐ 320 Assault, Libel &      Slander      Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted    Student Loans    (Excludes Veterans) |      Liability    ☐ 368 Asbestos Personal ☐ 340 Marine      Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 153 Recovery of Overpayment    of Veteran's Benefits | ☐ 345 Marine Product      Liability      Liability | | ☐ 840 Trademark |      Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit      (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle      Product Liability    ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards      Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer      Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Injury    ☐ 380 Other Personal        Property Damage | ☐ 720 Labor/Management      Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury -      Medical Malpractice    ☐ 385 Property Damage        Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical      Leave Act | ☐ 865 RSI (405(g)) |      Exchange ☐ 890 Other Statutory Actions |
| **REAL PROPERTY**    **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation    ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement      Income Security Act | ☐ 870 Taxes (U.S. Plaintiff      or Defendant) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure    ☐ 441 Voting | ☐ 463 Alien Detainee ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party      26 USC 7609 |      Act |
| ☐ 230 Rent Lease & Ejectment    ☐ 442 Employment |      Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land    ☐ 443 Housing/ | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability      Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | |      Act/Review or Appeal of |
| ☐ 290 All Other Real Property    ☐ 445 Amer. w/Disabilities -      Employment | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | |      Agency Decision ☐ 950 Constitutionality of |
| ☐ 446 Amer. w/Disabilities -      Other | ☐ 550 Civil Rights ☐ 555 Prison Condition |      Actions | |      State Statutes |
| ☐ 448 Education | ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC §1983
Brief description of cause:
SEXUAL ASSAULT and SEXUAL HARASSMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

United States District Court
Southern District of Texas
FILED

JAN 1 3 2020

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| **ALEJANDRO GARZA (#32595-279)** | * | |
| **Plaintiff** | * | |
| | * | |
| **VS.** | * | **CIVIL CASE NO.:** _____ |
| | * | |
| **F. BELIZAR, (COMPLETE NAME** | * | |
| **UNKNOWN) CORRECTIONS** | * | |
| **OFFICER, J. SCOTT WILLIS,** | * | |
| **WARDEN (For La Tuna Federal** | * | |
| **Bureau of Prisons), DAVID** | * | |
| **FAJARDO, ASSOCIATE WARDEN** | * | |
| **(For La Tuna Federal Bureau of** | * | |
| **Prisons)** | * | |
| **Defendants** | * | |

## ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, ALEJANDRO GARZA, (hereinafter known as

"Garza") an inmate who was at the La Tuna Federal Bureau of Prisons in Anthony,

Texas at the time in question, (presently on home confinement in McAllen, Texas) and

herein brings this action against DEFENDANTS, Correctional Officer F. Belizar,

(hereinafter known as "C.O. Belizar" – full and correct name unknown at this time), J.

Scott Willis, Warden, and David Fajardo, Associate Warden, because Plaintiff was the

victim of sexual harassment and assault by a correctional officer, namely C.O. Belizar,

when he was an inmate at the La Tuna Federal Bureau of Prisons.

1.  Plaintiff's claim is for suffered injuries and for the violations of his civil rights as guaranteed by the United States Constitution and, inter alia, the Texas Penal Code Title 5, Chapter 22.   Garza sues for injuries arising from assault and sexual harassment and assault by Defendant C.O. Belizar, a Correctional Officer/prison guard at the La Tuna Federal Bureau of Prisons, while Plaintiff was incarcerated and from actions taken by others during the investigation that followed the discovery of the sexual assault and harassment.  Much time passed before Defendant C.O. Belizar was finally segregated from being at the same prison as Garza.  C.O. Belizar has not been suspended from his position nor criminally charged.   Garza brings suit against other prison official(s) as individuals for their direct and indirect actions, their decisions and non-decisions, their failures to prevent the sexual assaults, and their maintenance of flawed policies all of which combined to create a culture within the La Tuna Federal Bureau of Prisons that helped facilitate the sexual offenses.  It is known that this incident is not the first of its kind involving C.O. Belizar.

**JURISDICTION**

2.  This Court has jurisdiction over the federal claims presented in this action pursuant to 28 U.S.C. §§1331 and 1343.   Plaintiffs' federal claims are made pursuant to 42 U.S.C. §1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## VENUE

3. Venue in this Court is proper as to all Defendants pursuant to 28 U.S.C. §1391(e)(1)(c) as Defendants are employees of the Federal Government (or an agency thereof) and no real property is involved. Further, in the Venue which the inmate is located, is proper venue.

## PARTIES

4. Plaintiff, Alejandro Garza, at all times relevant hereto was an inmate at the Federal Bureau of Prisons. His current address is: 3108 Kingsborough Ave., McAllen, TX 78504.

5. Defendant C.O. Belizar, who was at all times relevant hereto a Correctional Officer stationed/employed at the La Tuna Federal Bureau of Prisons, and an employee of the Federal Bureau of Prisons. C.O. Belizar has not been relieved of his position as a Correctional Officer but was separated from Plaintiff's incarceration location. He is being sued in his individual capacity. He may be served at his place of employment: 8500 Doniphan Road, Anthony, Texas 79821.

6. Defendant J. Scott Willis, Warden for the La Tuna Federal Prison is sued in his individual capacity. He may be served at his place of employment: 8500 Doniphan Road, Anthony, Texas 79821.

7. Defendant David Fajardo, Associate Warden for the La Tuna Federal Prison is sued in his individual capacity. He may be served at his place of employment: 8500 Doniphan Road, Anthony, Texas 79821.

## FACTS

8. On or about May 11, 2015, Plaintiff, a male inmate, was housed at the La Tuna Federal Bureau of Prisons in Anthony, Texas.

9. On or about that same time, Defendant C.O. Belizar was a correctional Officer charged, inter alia, with the care, protection, safety and well-being of the inmates housed at the La Tuna Federal Bureau of Prisons in Anthony, Texas.

10. On or about May 11, 2015, Defendant C.O. Belizar initiated sexual conduct with the Plaintiff, including touching and exposing his genitalia. The sexual contact and/or harassment was non-consensual and consisted of various occasions. The incidents were subject to an investigation although no records of such have been obtained by Garza at this time.

11. The non-consensual sexual acts occurred throughout the day of May 11, 2015. Defendant C.O. Belizar initiated sexual acts and harassment with Garza multiple times that day. Ultimately, C.O. Belizar was banned from the facility following an investigation.

12. C.O. Belizar would often play favorites in the facility, giving the men that he found attractive more benefits, and was alleged to sexually harass other inmates, which other prison officials knew or became aware of before and during the time relevant to this complaint.

13. It is believed that other officers, whose names are not known at this point, knew or should have known of C.O. Belizar's illegal behavior, yet they did and/or said nothing.

14. C.O. Belizar sexually harassed other inmates.

15. When rumors surfaced of the sexual incidents, which were known to prison officials, C.O. Belizar was not disciplined.  Rather he was merely removed from the prison where Garza was housed.

16. Garza did report such illegal actions by C.O. Belizar. Garza was punished by being placed in the SHU (solitary confinement).

17. During the internal investigation of this matter, an employee of the facility, interviewed Garza.

18. During this interview, Garza expounded the incident, but was hesitant to tell all that occurred because of embarrassment of ridicule by other inmates. Nevertheless, Garza gave sufficient information to have C.O. Belizar investigated.

19. The Administration of the facility knew or should have known that C.O. Belizar had a propensity and history of nonconsensual and aggressive sexual behavior and abuse against male inmates, yet Defendant Warden J. Scott Willis and others from the Administration did nothing to stop his actions.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiff Garza has exhausted his administrative remedies.  His last filing (B.P. 11) with the Federal Bureau of Prisons was with the Central Office in Washington, D.C., (on or about December 2015) and to this date, Plaintiff Garza has not obtained a response.  It is now reasonable to presume that his claim will be denied and therefore Plaintiff Garza proceeds with this Complaint.

## STATUTE OF LIMITATIONS

21. Under the Federal Bureau of Prisons Administrative Statute, the Statute of Limitations does not begin to run until the inmate receives a response from the inmate's B.P. 11.  To date, Mr. Garza has not received a response to his B.P. 11, thus there is no accrual date.

## CAUSES OF ACTION

**COUNT I: Assault and Battery – Against C.O. Belizar**

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 21 hereof, as if fully set forth herein.

23. While the Plaintiff was in his custody, care and control, Defendant C.O. Belizar assaulted and battered the Plaintiff against his will and without his consent in a sexual manner thereby inflicting and causing damages on the Plaintiff.

24. As a direct and proximate result of Defendant C.O. Belizar's aforesaid acts and conduct and the injuries resulting there from, Garza sustained emotional injury and mental pain and suffering, a violation, inter alia, of the Federal Bureau of Prisons' Policy Statement, and PREA.

**COUNT II: Negligence – Against C.O. Belizar and Defendant J. Scott Willis**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 24, hereof, as if fully set forth herein.

26. C.O. Belizar and J. Scott Willis owed a duty to Garza to exercise reasonable care in holding, incarcerating and guarding him, which duty was breached by

each of the Defendants, thereby directly causing the Plaintiff loss and damage, including emotional injury and mental pain.

27. As a direct and proximate result of the negligence of the Defendants, and the injuries the Plaintiff sustained, the Plaintiff is entitled to damages.

**COUNT III: Wanton and Reckless Conduct – Against C.O. Belizar and Defendant J. Scott Willis**

28. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 27 hereof, as is fully set forth herein.

29. While holding the Plaintiff in their custody and control, while acting outside the scope of their employment, the Defendants engaged in wanton, reckless and negligent conduct thereby inflicting pain and physical harm upon Plaintiff.

30. The aforesaid alleged facts and conduct of the Defendants were intentional, knowing, willful and purposeful and have caused the Plaintiff harm.

**COUNT IV: Negligent or Intentional Infliction of Emotional Distress Against C.O. Belizar and Defendant J. Scott Willis**

31. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30, hereof, as if fully set forth herein.

32. The aforesaid alleged conduct of the individual Defendants was made outside the scope of their employment, negligently or with malice, intentional, knowing, willful and/or purposeful and/or was outrageous beyond all bounds of human decency which a civilized society should tolerate, and the Defendants knew or

should have known that their said conduct would inflict severe emotional distress upon the Plaintiff.

33. Plaintiff has suffered physical, mental, and emotional distress, including pain and suffering, and other damages as a result of the aforesaid alleged acts and conduct of the individual defendants.

## COUNT V: 42 U.S.C. Sec. 1983 Claim Against Each Defendant as Violation of Constitutional Rights

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33, hereof, as if fully set forth herein.

35. By C.O. Belizar's acts of having sexual encounters with the Plaintiff on or about May 11, 2015, the defendants, inter alia, deprived Garza of his right to be free in his person, his right to due process under the law, the right to be free from sexual harassment, and various other rights guaranteed under the United States Constitution and the Texas Penal Code.

36. While the Plaintiff was in the custody and control of the Federal Bureau of Prisons, the defendants inflicted mental pain and emotional injury upon the Plaintiff, caused him to suffer cruel and unusual punishment, denied him right to be free from sexual harassment, denied him due process, denied him medical attention and denied him other rights and privileges, all of which was in violation of his rights as guaranteed under the United States Constitution and the Texas Penal Code.

37. The Defendants have engaged in conduct that shocks the conscience and failed to act to protect Garza. As a direct and proximate result of the aforesaid alleged acts and conduct and the injuries he sustained there from, the Plaintiff has been caused great pain and suffering and is entitled to damages.

**COUNT VI: Texas Penal Code Title 5, Chapter 22 Claim Against Each Defendant as Violation of Civil Rights by Threats, Intimidation or Coercion**

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37, hereof, as if fully set forth herein.

39. Given that Garza was an inmate in the custody and control of Defendant C.O. Belizar and that his safety and well-being was subject to his power and dominance over him person, he was unable to reasonably resist and oppose C.O. Belizar's sexual assault and battery of his body, which said improper acts and conduct by him was achieved through intimidation, threat and coercion, all of which violated the Plaintiff's civil rights as guaranteed by the Due Process Clause of United States Constitution and the Texas Penal Code.

40. Said alleged conduct by Defendant C.O. Belizar constitutes a violation of Garza's civil rights by threats, intimidation or coercion, a violation of the Due Process Clause, right against unreasonable search and seizure as guaranteed by the United States Constitution and the Texas Penal Code.

41. Given that Garza was an inmate in the custody and control of the Defendant J. Scott Willis  and that his safety and well—being was subject to his power and dominance over her person, he was unable to reasonably reside and oppose the

improper intimidation, threat and coercion, all of which failed to protect him and violated the Plaintiff's civil rights, including but not limited to the Due Process Clause, as guaranteed by the United States Constitution and the Texas Penal Code.

42. The Defendants have engaged in conduct that shocks the conscience and failed to act to protect Garza.  As a direct and proximate result of these Defendants' aforesaid acts, statements and conduct, the Plaintiff was caused emotional distress and physical harm and is entitled to damages.

## **JURY DEMAND**

43. Plaintiff demands a jury trial on all counts so triable.

## **CONCLUSION**

44. WHEREFORE, Plaintiff ALEJANDRO GARZA prays as follows:

   i.   That the Court enter judgment in his favor and against Defendants on all Counts plead in the Complaint;

   ii.  That the Court award to him and against Defendants compensatory damages, jointly and severally, in an amount to be determined at trial;

   iii. That the Court award to him and against Defendants punitive damages, jointly and severally, in an amount to be determined at trial, in order that such award will deter similar proscribed conduct by defendants in the future;

   iv.  That the Court award to him, and against Defendants, pre-judgment and post-judgment interest on all sums award to her in this action and that it

further award to her recovery of his costs concerning this action, including

reasonable attorneys' fees pursuant to 42 U.S.C. sec. 1983; and

v.      That the Court grants him any other such relief to which she may be entitled

and relief as justice may require, including but not limited to such relief as the

Texas Penal Code may allow.


Respectfully submitted,


_____/S/_____
**Franklin I. Ogele**
Federal Bar Number: OO4O
State Bar Number – New Jersey 002521990
One Gateway Center, Suite 2600
Newark, NJ  07102
Phone: (973) 277-4239
Fax: (862) 772-3985
Pro Hac Application - Pending

fogele@msn.com
OgeleLawFirm@yahoo.com


**ATTORNEY FOR PLAINTIFF**