IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEJANDRO GARZA (#32595-279)<br>Plaintiff<br><br>VS<br><br>FRANK BALIZAN, CORRECTIONS OFFICER, J. SCOTT WILLIS, WARDEN (For La Tuna Federal Bureau of Prisons) ASSOCIATE WARDEN DAVID FAJARDO, AND JOHN DOE 1-3<br>Defendants | CIVIL CASE NO.:3:20-CV-00029-PRM |

## SECOND AMENDED COMPLAINT

1. COMES NOW PLAINTIFF, ALEJANDRO GARZA, (hereinafter known as "Garza") a previous inmate who was at the La Tuna Federal Bureau of Prisons in Anthony, Texas at the time in question, (recently completed home confinement in McAllen, Texas) and herein files this Second Amended Complaint against Defendants.

2. Plaintiff's claim is for suffered injuries and for the violations of his civil rights as guaranteed by the United States Constitution and, inter alia, the Texas Penal Code Title 5, Chapter 22. Garza sues for injuries arising from assault and sexual harassment and assault by Defendant C.O. Frank Balizan, (originally misspelled as F. Belizar, and herein now corrected) a Correctional Officer/prison guard at the La Tuna Federal Bureau of Prisons, while Plaintiff was incarcerated and from actions taken by

1

others during the investigation that followed the discovery of the sexual assault and harassment. Much time passed before Defendant C.O. Balizan was finally segregated from being at the same prison as Garza. C.O. Balizan has not been suspended from his position nor criminally charged. Garza brings suit against other prison official(s) as individuals for their direct and indirect actions, their decisions and non-decisions, their failures to prevent the sexual assaults, and their maintenance of flawed policies all of which combined to create a culture within the La Tuna Federal Bureau of Prisons that helped facilitate the sexual offenses. It is known that this incident is not the first of its kind involving C.O. Balizan. It is also known that Balizan's supervisors, including but not limited to, J. Scott Willis and David Fajardo, did nothing to hinder or correct Balizan's actions.

## JURISDICTION

3. This Court has jurisdiction over the federal claims presented in this action pursuant to 28 U.S.C. §§1331 and 1343. Plaintiffs' federal claims are made pursuant to 42 U.S.C. §1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## VENUE

4. Venue in this Court is proper as to all Defendants pursuant to 28 U.S.C. §1391(e)(1)(c) as Defendants are employees of the Federal Government (or an agency

thereof) and no real property is involved. Further, all incidents made the subject lawsuit occurred in this venue.

## PARTIES

5. Plaintiff, Alejandro Garza and at all times relevant was an inmate at the Federal Bureau of Prisons.

6. Defendant C.O. Balizan was at all times relevant hereto a Correctional Officer stationed/employed at the La Tuna Federal Bureau of Prisons, and an employee of the Federal Bureau of Prisons. C.O. Balizan has not been relieved of his position as a Correctional Officer but was separated from Plaintiff's incarceration location. He is being sued in his individual capacity. He may be served at his place of employment: 8500 Doniphan Road,   Anthony, Texas  79821.

7. Defendant J. Scott Willis, Warden for the La Tuna Federal Prison is sued in his individual capacity. He may be served at his place of employment:   8500 Doniphan Road,   Anthony, Texas  79821.

8. Defendant David Farjado, Assistant Warden for the La Tuna Federal Prison is sued in his individual capacity. He may be served at his place of employment: 8500 Doniphan Road,   Anthony, Texas  79821.

All three of the aforementioned defendants may be served with process for the United States Attorney for the Western District of Texas by serving:

Stephanie Rico
  Civil Process Clerk
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

## FACTS

9. On or about May 11, 2015, the plaintiff, a male inmate, was housed at the La Tuna Federal Bureau of Prisons in Anthony, Texas.

10. In and about that same time, defendant C.O. Balizan was a correctional Officer charged, inter alia, with the care, protection, safety and well-being of the inmates housed at the La Tuna Federal Bureau of Prisons in Anthony, Texas.

11. In or about May 11, 2015, defendant C.O. Balizan initiated sexual conduct with the plaintiff, including touching and exposing his genital. The sexual contact and/or harassment was non-consensual and consisted of various occasions. The incidents were subject to an investigation although no records of such have been obtained by Garza at this time.

12. The non-consensual sexual acts occurred throughout the day of May 11, 2015.

13. Defendant C.O. Balizan initiated sexual acts and harassment with Garza multiple times that day. Ultimately, C.O. Balizan was banned from the facility following an investigation.

14. C.O. Balizan would often play favorites in the facility, giving the men that he found attractive more benefits, and was alleged to sexually harass other inmates, which other prison officials knew or became aware of before and during the time relevant to this complaint.

15. It is believed that other officers, whose names are not known at this point, knew or should have known of C.O. Balizan's illegal behavior, yet they did and/or said nothing.

16. C.O. Balizan sexually harassed other inmates.

17. When rumors surfaced of the sexual incidents, which were known to prison officials, C.O. Balizan was not disciplined. Rather he was merely removed from the prison where Garza was housed.

18. Garza did report such illegal actions by C.O. Balizan. Garza was punished by being placed in the SHU (solitary confinement).

19. During the internal investigation of this matter, an employee of the facility, interviewed Garza.

20. During this interview, Garza expounded the incident, but was hesitant to tell all that occurred because of embarrassment of ridicule by other inmates. Nevertheless, Garza gave sufficient information to have C.O. Balizan investigated.

21. The Administration of the facility knew or should have known that C.O. Balizan had a propensity and history of homosexual behavior against male inmates, yet Defendant Warden J. Scott Willis, David Fajardo, and others from the Administration did nothing to stop his actions.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Plaintiff Garza has exhausted his administrative remedies. His last filing (B.P. 11) with the Federal Bureau of Prisons was with the Central Office in Washington, D.C., (on or about December 2015) and to this date, Plaintiff Garza has not obtained a

response. It is now reasonable to presume that his claim will be denied and therefore Plaintiff Garza proceeds with this Complaint.

## STATUTE OF LIMITATIONS

23. Under the Federal Bureau of Prisons Administrative Statute, the Statute of Limitations does not begin to run until the inmate receives a response from the inmate's B.P. 11. To date, Mr. Garza has not received a response to his B.P. 11, thus there is no accrual date.

## CAUSES OF ACTION

## COUNT 1

### Assault and Battery – Against C.O. BALIZAN

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 21 hereof, as if fully set forth herein.

25. While the plaintiff was in his custody, care and control, defendant C.O. Balizan assaulted and battered the plaintiff against his will and without his consent in a sexual manner thereby inflicting and causing damages on the plaintiff.

26. As a direct and proximate result of defendant C.O. Balizan's aforesaid acts and conduct and the injuries resulting there from, Garza sustained emotional injury and mental pain and suffering, a violation, inter alia, of the Federal Bureau of Prisons' Policy Statement, and PREA.

## COUNT II

### Negligence – Against C.O. Balizan and Defendant J. Scott Willis and David Fajardo

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 24, hereof, as if fully set forth herein.

28. C.O. Balizan and J. Scott Willis owed a duty to Garza to exercise reasonable care in holding, incarcerating and guarding him, which duty was breached by each of the defendants, thereby directly causing the plaintiff loss and damage, including emotional injury and mental pain.

29. As a direct and proximate result of the negligence of the defendants, and the injuries the plaintiff sustained, the plaintiff is entitled to damages.

## COUNT III

### Wanton and Reckless Conduct – Against C.O. Balizan and Defendant J. Scott Willis and David Fajardo

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 27 hereof, as is fully set forth herein.

31. While holding the plaintiffs in their custody and control, while acting outside the scope of their employment, the defendants engaged in wanton, reckless and negligent conduct thereby inflicting pain and physical harm upon the plaintiff.

32. The aforesaid alleged facts and conduct of the defendants were intentional, knowing, willful and purposeful and have caused the plaintiff harm.

## COUNTY IV

## Negligent or Intentional Infliction of Emotional Distress Against C.O. Balizan and Defendant J. Scott Willis and David Fajardo

33. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30, hereof, as if fully set forth herein.

34. The aforesaid alleged conduct of the individual defendants was made outside the scope of their employment, negligently or with malice, intentional, knowing, willful and/or purposeful and/or was outrageous beyond all bounds of human decency which a civilized society should tolerate, and the defendants knew or should have known that their said conduct would inflict severe emotional distress upon the plaintiff.

35. Plaintiff has suffered physical, mental, and emotional distress, including pain and suffering, and other damages as a result of the aforesaid alleged acts and conduct of the individual defendants.


## COUNT V

### 42 U.S.C. sec. 1983 Claim Against Each Defendant as Violation of Constitutional Rights

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33, hereof, as if fully set forth herein.

37. By C.O. Balizan's acts of having sexual encounters with the plaintiff on or about May 11, 2015, the defendants, inter alia, deprived Garza of his right to be free in his person, his right to due process under the law, the right to be free from sexual harassment, and various other rights guaranteed under the United States Constitution and the Texas Penal Code.

38. While the plaintiff was in the custody and control of the Federal Bureau of Prisons, the defendants inflicted mental pain and emotional injury upon the plaintiff, caused him to suffer cruel and unusual punishment, denied him right to be free from sexual harassment, denied him due process, denied him medical attention and denied him other rights and privileges, all of which was in violation of his rights as guaranteed under the United States Constitution and the Texas Penal Code.

39. The defendants have engaged in conduct that shocks the conscience and failed to act to protect Garza. As a direct and proximate result of the aforesaid alleged acts and conduct and the injuries he sustained there from, the plaintiff has been caused great pain and suffering and is entitled to damages.

## COUNT VI

## Texas Penal Code Title 5, Chapter 22 Claim Against Each Defendant As Violation of Civil Rights By Threats, Intimidation or Coercion

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37, hereof, as if fully set forth herein.

41. Given that Garza was an inmate in the custody and control of defendant C.O. Balizan and that his safety and well-being was subject to his power and dominance over him person, he was unable to reasonably resist and oppose C.O. Balizan's sexual assault and battery of his body, which said improper acts and conduct by him was achieved through intimidation, threat and coercion, all of which violated the plaintiff's civil rights as guaranteed by the Due Process Clause of United States Constitution and the Texas Penal Code.

40. Said alleged conduct by defendant C.O. Balizan constitutes a violation of Garza's civil rights by threats, intimidation or coercion, a violation of the Due Process Clause, right against unreasonable search and seizure as guaranteed by the United States Constitution and the Texas Penal Code.

41. Given that Garza was an inmate in the custody and control of the defendant J. Scott Willis and that his safety and well—being was subject to his power and dominance over her person, he was unable to reasonably reside and oppose the improper intimidation, threat and coercion, all of which failed to protect him and violated

the plaintiff's civil rights, including but not limited to the Due Process Clause, as guaranteed by the United States Constitution and the Texas Penal Code.

42. The defendants have engaged in conduct that shocks the conscience and failed to act to protect Garza. As a direct and proximate result of these defendants' aforesaid acts, statements and conduct, the plaintiff was caused emotional distress and physical harm and is entitled to damages.

WHEREFORE, plaintiff ALEJANDRO GARZA prays as follows:

a. That the Court enter judgment in his favor and against defendants on all Counts plead in the Complaint;

b. That the Court award to him and against defendants compensatory damages, jointly and severally, in an amount to be determined at trial;

c. That the Court award to him and against defendants punitive damages, jointly and severally, in an amount to be determined at trial, in order that such award will deter similar proscribed conduct by defendants in the future;

d. That the Court award to him, and against defendants, pre-judgment and post-judgment interest on all sums award to her in this action and that it further award to her recovery of his costs concerning this action, including reasonable attorneys' fees pursuant to 42 U.S.C. sec. 1983; and

e. That the Court grants him any other such relief to which she may be entitled and relief as justice may require, including but not limited to such relief as the Texas Penal Code may allow.

## CONCLUSION

WHEREFORE, plaintiff ALEJANDRO GARZA demands judgment in an amount as this Court shall deem fair and just, plus such costs, attorney's fees and interest as the plaintiff is entitled to recover.

### THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

**LEAD COUNSEL**

/S/
Franklin I. Ogele
Federal Bar Number: OO40
State Bar Number – New Jersey 002521990
One Gateway Center, Suite 2600
Newark, NJ 07102
Phone: (973) 277 4239
Fax: (862) 772 3985

fogele@msn.com
OgeleLawFirm@yahoo.com

**ATTORNEY FOR PLAINTIFF**

**CO-COUNSEL**

Respectfully submitted,

/s/ Arnulfo Guerra, Jr.
Attorney for Plaintiffs
Federal Bar Number: 2732
State Bar No. 08574100
LAW OFFICES OF GUERRA, GUERRA & ASSOCIATES, P.C.


1418 Beech Avenue, Suite 136
McAllen, Texas 78501
Office: (956) 322-8767
Fax: (866) 333-7303
Emails: guerralaw@gmail.com
         lawofficeguerraguerra@yahoo.com

## CERTIFICATE OF SERVICE

I, Franklin I. Ogele, an attorney, certify that on May 29, 2020, I filed the foregoing Second Amended Complaint using the Court's CM/ECF system, which effected service on all counsel of record, including:

Manuel Romero
700 E. San Antonio, Suite 200
El Paso, Texas 79901
Email: Manny.Romero@usdoj.gov

                                              Franklin I. Ogele /s/